IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DOUGLAS EWALD, | ) | Civil No. 03-1274-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Douglas Ewald
309 S.W. 4th Avenue, #529
Portland, OR 97204

    Plaintiff Pro Se

Neil J. Evans
Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

FINDINGS AND RECOMMENDATION - 1

L. Jamala Edwards
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

   Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Douglas Ewald brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security (the Commissioner) denying his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits.

The Commissioner moves for Summary Judgment. Plaintiff has submitted no response to the motion, and the motion should be granted.

## FACTUAL BACKGROUND

Plaintiff filed applications for DIB and SSI benefits on June 21, 2001, alleging that he had been disabled since March 1, 2001. After those applications had been denied initially and upon reconsideration, plaintiff timely filed a request for a hearing before an Administrative Law Judge (ALJ). Pursuant to that request, a hearing was held before ALJ Thomas Tielens on December 18, 2002.

In a decision issued on February 21, 2003, ALJ Tielens found that plaintiff was not disabled within the meaning of the Social Security Act (the Act).

After the Appeals Counsel denied plaintiff's timely request for review, plaintiff filed an action in this court on September 16, 2003, seeking review of the decision denying his applications for benefits.

Based upon a stipulated motion filed by plaintiff and the Commissioner, on August 10, 2004, I entered an Order remanding the action to the Agency for further specified administrative action. On August 12, 2004, a Judgment was entered reversing and remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

On September 8, 2004, plaintiff filed an unopposed motion to recover attorney fees and costs. Based upon a stipulation of the parties, on September 13, 2004, I entered an Order granting plaintiff's request for attorney fees in the amount of $3,800.00, expenses in the amount of $3.41, and costs in the amount of $24.00.

On July 7, 2005, a second hearing was held before ALJ Tielens. In a decision issued on September 19, 2005, ALJ Tielens again found that plaintiff was not disabled within the meaning of the Act.

On October 2, 2006, acting *pro se*, plaintiff filed a document that reads as follows:

> THIS IS A NOTICE TO APPEAL THE LATEST UNFAVORABLE DECISION OF MY SSI APPLICATION. PLEASE EXCUSE ANY LACK OF COMPLIANCE WITH LOCAL RULE 10.1 (FORMAT GUIDELINES) AS THE ATTACHMENT FOR THAT RULE WAS MISSING FROM THE PACKAGE I RECEIVED.

This motion was erroneously described in the district court docketing system as a "Notice of Appeal to USCA 9th Circuit" of the "Order on Application for EAJA Fees . . . entered on 9/14/2006."[1] On October 3, 2006, a "Notification of Appeal" was sent to the

---

[1] In addition to misstating the nature of plaintiff's appeal, this docket entry also misstated the date on which my Order concerning attorney fees and costs had been entered. Although my Order granting an award of attorney fees and costs was entered on September 14, 2004, the "Notice of Appeal to USCA 9th Cir." docketed on October 2, 2006, states that this Order was "entered September 14, 2006."

FINDINGS AND RECOMMENDATION - 3

Ninth Circuit Court of Appeals. An entry on the district court docketing system dated October 16, 2006, confirmed that plaintiff's appeal had been received by the Ninth Circuit Court of Appeals, and recorded the case number assigned by the Ninth Circuit.

After plaintiff's Notice of Appeal was filed with the Ninth Circuit Court of Appeals, I was required to enter an Order indicating whether the appeal was taken in good faith. In an Order dated November 14, 2006, I indicated that the appeal was not taken in good faith

> because plaintiff has not appealed the latest denial of his application for benefits to this court. Based upon the parties' stipulation, I entered an Order in August 2004 reversing the Commissioner's decision denying plaintiff's application for benefits and remanding the action to the agency for further proceedings. It appears that the Commissioner has denied plaintiff's application again, and that denial has not been appealed to the district court.

An entry to this court's docket system on February 22, 2007, indicated that a certified copy of an Order from the Ninth Circuit Court of Appeals had been received concerning plaintiff's Notice of Appeal. That Order stated that plaintiff's

> notice of appeal manifests an intent to appeal the Commissioner of the Social Security Administration's September 14, 2006 order[2] to the district court. Accordingly, the notice of appeal to this court is construed as a notice of appeal to the district court. *See* 28 U.S.C. § 1631.

The Order instructed the Clerk of the Ninth Circuit Court of Appeals to transfer plaintiff's appeal to the clerk of the district court "for docketing as a new appeal." It added that the notice of appeal "shall be deemed filed in the district court on October 2, 2006," and that the appeal pending in the Court of Appeals was to be closed after plaintiff's appeal was transferred to this court.

---

[2]Though this Order refers to an Order by the Commissioner, neither the Commissioner nor this court took any action on that date. The last administrative action taken in this action was the ALJ's decision on September 19, 2005, denying plaintiff's applications for benefits. It appears that the September 14, 2006 date in this Order reflects the erroneous reference to that date in the October 2, 2006 entry in this court's docket system.

FINDINGS AND RECOMMENDATION - 4

In an Order to Show Cause filed on November 14, 2007, I allowed plaintiff 60 days in which to either file a new complaint setting out his objections to the most recent decision of the Commissioner denying his applications for benefits, or to show cause why this action should not be dismissed for his failure to file such a complaint. The court having received no response to that Order, on January 24, 2008, the Honorable Robert E. Jones entered an Order dismissing this action.

On February 21, 2008, plaintiff moved to reopen this action. In an Order filed on March 4, 2008, I granted that motion, and allowed plaintiff until May 23, 2008, to file a new complaint.

On October 2, 2008, the Commissioner moved for summary judgment on the grounds that plaintiff had failed to timely appeal the most recent decision denying his applications for benefits.

## STANDARDS FOR EVALUATING MOTIONS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 (c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's case. Id. When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial. Id. at 324.

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th

FINDINGS AND RECOMMENDATION - 5

Cir. 1987). Reasonable doubts concerning the existence of a factual issue should be resolved against the moving party. Id. at 630-31. The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985). No genuine issue for trial exists, however, where the record as a whole could not lead the trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

The Commissioner contends that summary judgment is appropriate because plaintiff did not appeal the Commissioner's decision denying his applications for disability benefits within the time allowed under the Social Security Act. I agree.

As the Commissioner correctly notes, in order to obtain judicial review of an adverse administrative decision, a claimant must exhaust his administrative remedies within certain deadlines. Under 42 U.S.C. § 405(g), a claimant may bring a civil action seeking judicial review within 60 days of the mailing of a "final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party . . . ." This section further provides that, except for such review, no decision of the Commissioner "shall be reviewed by any person, tribunal, or governmental agency . . . ."

Where, as here, an action has been remanded to the Agency by a district court, a claimant who is dissatisfied with an ALJ's subsequent decision may request review by the Appeals Council. 20 C.F.R. § 404.984, 416.1484. If the claimant does not file written exceptions to the ALJ's decision, and the Appeals Council does not decide to review the

FINDINGS AND RECOMMENDATION - 6

decision on its own, the ALJ's decision becomes the "final decision" of the Commissioner 65 days later.[3] See id. ; 20 C.F.R. 422.210(c). The claimant then has an additional 60 days in which to bring an action in federal court challenging that "final decision." 20 C.F.R. § 422.210.

Here, the ALJ issued the relevant decision on September 19, 2005. Plaintiff did not seek review by the Appeals Council, and the Appeals Council did not choose to review the ALJ's decision on its own. Therefore, the ALJ's decision became the "final decision" of the Commissioner 65 days later. Plaintiff then had an additional 60 days in which to seek judicial review.[4] Accordingly, if plaintiff wished to have this court review the decision denying his applications, he needed to file a complaint by January 22, 2006.

Plaintiff did not do so, but instead waited until October 2, 2006, to file a Notice of Appeal of the ALJ's unfavorable decision following remand. The record before the court includes no evidence that plaintiff did not receive ALJ Tielens' unfavorable decision, or that plaintiff alleged or demonstrated in writing, as is required, any good cause for an extension of the time in which to seek review. See 20 C.F.R. §§ 404.909(b); 404.933(c); 404.968(b); 404.982; 416.1409(b); 416.1411; 416.1433(c); 416.1468(b); 416.1482.

The requirement that a claimant seek review of an unfavorable decision within 60 days of an adverse "final decision" is a statute of limitations that may be waived by the Commissioner, and is subject to equitable tolling. Banta v. Sullivan, 925 F.2d 343, 345 (9th

---

[3] This includes 5 days allowed for receipt of the ALJ's decision.

[4] The record before the court includes a copy of the "Notice of Decision - Unfavorable," dated September 19, 2005, that informed plaintiff that the ALJ had denied his application for benefits. The Notice informed plaintiff of his right to seek review by the Appeals Council, and of the time limits for seeking that review and subsequent judicial review from this court.

FINDINGS AND RECOMMENDATION - 7

Cir. 1991).  Mental impairment may justify equitable tolling of a statute of limitations.  E.g., Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999).  Here, the Commissioner has not waived the statute of limitations for challenging an unfavorable decision, and the Commissioner's contention that plaintiff's mental impairment is not a sufficient basis for allowing an appeal that is nearly nine months late is well taken.  Plaintiff was represented when the ALJ rendered the relevant unfavorable decision, and has submitted no opposition setting out any basis for denying the pending motion for summary judgment.

As noted above, the Notice of Appeal that plaintiff filed on October 2, 2006, was erroneously docketed in this court as a notice that plaintiff was appealing an entirely favorable ruling on a stipulated motion to recover attorney fees and costs which had been entered on September 13, 2004.  When the Ninth Circuit Court of Appeals transferred the action back to this court in an Order dated February 22, 2007, it referred to plaintiff's intent to appeal the Commissioner's "September 14, 2006 order to the District Court."  The Commissioner correctly notes that no Order or Agency document concerning this action corresponds to the September 14, 2006 date cited in the Ninth Circuit's February 22, 2007 Order, and reasonably assumes that the September 14, 2006 date is based upon the erroneous docket citation in the district court records.  The only final decision of the Commissioner that was potentially subject to review by this court was the decision dated September 19, 2005, denying plaintiff's claims for benefits.

The Commissioner contends that the February 22, 2007 Order from the Ninth Circuit Court of Appeals did not confer jurisdiction on this court to consider plaintiff's untimely appeal of the merits of the administrative decision denying his applications for  benefits.  I agree.  The record before the court supports only the conclusions that plaintiff's attempt to

FINDINGS AND RECOMMENDATION - 8

appeal the most recent agency decision is untimely, that plaintiff did not timely seek an extension of the time in which to bring an appeal, that the Commissioner has not waived the applicable statute of limitations, and that plaintiff has not shown a basis for equitably tolling the time in which this action could be brought.  Under these circumstances, the Commissioner's motion for summary judgment should be granted.

## CONCLUSION

Defendant's motion for summary judgment (# 41) should be GRANTED, and a judgment should be entered dismissing this action with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due December 9, 2008.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 24th day of November, 2008.

/s/  John Jelderks  
John Jelderks  
U.S. Magistrate Judge